**Glen Aaron WHITE, Petitioner–Appellant,**

v.

**George GALAZA, Warden, Respondent–Appellee.**

**No. 00–16200.
D.C. No. CV–99–02900–CRB.**

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2001.*

Decided June 18, 2001.

S.Ct. 2348, 147 L.Ed.2d 435 (2000) in an order filed concurrently with this disposition.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before GOODWIN, GRABER, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Glen Aaron White appeals the district court's denial of his habeas corpus petition. White argues that: he was denied an opportunity to fully litigate a Fourth Amendment claim; the state court unconstitutionally limited his ability to cross-examine a prosecution witness; and the exclusion of certain evidence unconstitutionally restricted his right to present a defense. We have jurisdiction under 28 U.S.C. § 2254 and affirm.

We first consider whether White was denied the opportunity to litigate his Fourth Amendment claim. A federal habeas court may review Fourth Amendment claims only if the state court proceeding denied the applicant an "opportunity for full and fair litigation of a Fourth Amend-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

**526**

ment claim." *Stone v. Powell,* 428 U.S. 465, 482, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). Because White's Fourth Amendment claims were heard and considered by the state courts, he was afforded a full and fair opportunity to litigate those claims. *See Ortiz–Sandoval v. Gomez,* 81 F.3d 891, 899 (9th Cir.1996); *Locks v. Sumner,* 703 F.2d 403, 408 (9th Cir.1983).

■ We next address whether White's Sixth Amendment confrontation rights were violated when the trial court limited the scope of his cross-examination of the prosecution's investigator. The trial court excluded the evidence because it determined that the probative value of the evidence was outweighed by the danger that its admission would create undue prejudice (to either or both parties) or that its admission would confuse the jury. White's rights were not violated by the limitation of cross-examination; such a limitation was consistent with *Delaware v. Van Arsdall,* 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986), and was neither contrary to nor an unreasonable application of clearly established Supreme Court law. *See* 28 U.S.C. § 2254(d).

■ Finally, we consider whether the exclusion of prior-conduct evidence with respect to his companion violated White's due process rights under the Fourteenth Amendment. A federal court reviewing a state conviction on application for a writ of habeas corpus may not " 'engage in a finely tuned review of the wisdom of state evidentiary rules.' " *Estelle v. McGuire,* 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (quoting *Marshall v. Lonberger,* 459 U.S. 422, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983)). The appropriate inquiry is whether the evidentiary ruling, right or wrong,

so "infected the trial that the resulting conviction violates due process." *Id.* White's claim fails because the state court's balancing of the factors was neither contrary to nor an unreasonable application of federal law as established by the Supreme Court. *See* 28 U.S.C. § 2254(d).

AFFIRMED.